UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-03251-JLS-BFM Date: September 18, 2026
Title: JCSA Services, Inc. v. Lawton Construction and Restoration, Inc.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Kelly Davis | N/A |
| Deputy Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: (IN CHAMBERS) ORDER TO SHOW CAUSE RE: FAILURE TO SERVE**

On March 26, 2026, Plaintiff JCSA Services, Inc. ("JCSA") filed a complaint against Defendant Lawton Construction and Restoration, Inc. ("Lawton"). (Doc. 1.) On May 29, 2026, Lawton filed its answer, and also filed a cross-complaint bringing claims against JCSA, as well as Cross-Defendants Mirla Luz Staudigl, Robert D. Staudigl, Sebastian A. Staudigl, Francisco Moreira, Nextgen Associates, Inc. dba Service Master Restoration ("Service Master"), Franco Burcina, Jacob A. Moralis, and Luis A. Ochoa-Barajas. (Doc. 16; Cross-Complaint, Doc. 17.)

A federal court lacks personal jurisdiction over a defendant "unless the defendant has been served in accordance with [Rule] 4." *Crowley v. Bannister*, 734 F.3d 967, 974–75 (9th Cir. 2013) (citation omitted). Rule 4(m) requires a party to serve an opposing party "within 90 days after the complaint is filed." Fed. R. Civ. P. 4(m); *see also* Fed. R. Civ. P. 5(a)(2) ("[A] pleading that asserts a new claim for relief against [a party who has not appeared] must be served on that party under Rule 4."). If service is not accomplished within that period, a court "must dismiss the action" against the unserved defendants, unless the party "shows good cause for the failure," in which case the time for service must be extended. Fed. R. Civ. P. 4(m). "Good cause" under these

circumstances generally equates to diligence. *See* 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1337 (4th ed.).

More than 90 days have passed since Lawton filed its cross-complaint, adding new parties to this action. Lawton has filed proof of service only as to JCSA and Service Master. Although counsel for JCSA represent that they also act on behalf of Cross-Defendants Robert Staudigl, Mirla Staudigl, Sebastian Staudigl, and Francisco Moreira in their motion to dismiss,[1] (*see* Mot. at 2, Doc. 29; Mem. at 2, Doc. 28), Cross-Defendants Franco Burcina, Jacob A. Moralis, and Luis A. Ochoa-Barajas have made no appearance in this case.

Because there is no record of Cross-Defendants Franco Burcina, Jacob A. Moralis, or Luis A. Ochoa-Barajas being served or having appeared, the Court ORDERS Lawton to show cause as to why these Cross-Defendants should not be dismissed from the action for failure to timely serve them with the cross-complaint. Lawton shall file its response within **five (5) days** of the issuance of this Order. Failure to timely or adequately respond will result in the dismissal of these Cross-Defendants.

Initials of Deputy Clerk: kd

[1] "[T]he United States Supreme Court has concluded that, if a defendant was not served with process, but appeared voluntarily through an attorney and the appearance was authorized, 'it is as effective for the purposes of jurisdiction as an actual service of summons.'" *Figueroa v. Gill*, 2025 WL 885227, at *3 (D. Nev. Mar. 20, 2025) (quoting *Hill v. Mendenhall*, 88 U.S. 453, 454 (1874)). The Court thus does not require Lawton to show cause as to the Court's jurisdiction over Cross-Defendants Robert Staudigl, Mirla Staudigl, Sebastian Staudigl, and Francisco Moreira, who have appeared through counsel.